JS-6

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERALD LEE MILLER, JR., | Case No. CV 23-772 MWF (MRW) |
| Petitioner, | **ORDER DISMISSING ACTION** |
| v. | |
| KATHLEEN ALLISON CDCR SECRETARY, et al., | |
| Respondents. | |

The Court dismisses this habeas corpus action without leave to amend for failure to state a cognizable claim.

\* \* \*

**Background**

1. This is a habeas action involving a state prisoner under 28 U.S.C. § 2254. (Docket # 1.) Petitioner is currently serving a forty-year term in state prison based on his 1998 conviction for attempted murder and other charges. (Docket # 18 at 3.) A small portion of Petitioner's state

criminal sentence consists of enhancements for prior prison terms he served.

2. California Senate Bill 483 (effective January 2022) invalidated most prior prison term enhancements under state law. SB 483 also established a timeline for state courts to resentence eligible prisoners. The Attorney General acknowledges that Petitioner is eligible for resentencing under SB 483 by the end of 2023, although that resentencing may not lead to a shorter term in custody.[1] (Docket # 18 at 3.) Petitioner's resentencing application is currently in process.[2]

3. In the interim, he filed various habeas petitions in the state court to expedite his SB 483 resentencing. Those petitions were generally denied as premature in light of the ongoing resentencing proceedings, and for failing to state a claim for habeas relief. (Docket # 1 at 19, 21.)

4. This federal action followed. The original petition asserted a variety of unclear claims for consideration. After Magistrate Judge Wilner screened the original petition, Petitioner filed a supplemental statement. (Docket # 10, 15.) In that statement, Petitioner clarified his claim to argue that the rejection of his state court habeas actions regarding the SB 483 resentencing process violated the Suspension Clause of the U.S. Constitution and the due process provisions of the Fourteenth Amendment. (Docket # 1 at 12-13; Docket # 15 at 3.)

---

[1] The statute states that any resentencing "shall result in a lesser sentence than the one originally imposed as a result of the elimination of the repealed enhancement, unless the court finds by clear and convincing evidence that imposing a lesser sentence would endanger public safety." Cal. Penal C. § 1172.75(d)(1). The Attorney General contends that the nature of Petitioner's underlying offenses raise considerable public safety concerns that weigh against a sentence reduction. (Docket # 23 at 7.)

[2] According to the Attorney General's filings, that hearing was supposed to occur in June or July 2023. (Docket # 18 at 4; # 23 at 3 n.1.) The assigned magistrate judge reviewed the Superior Court online docket; the hearing now appears to be scheduled for September 2023. (lacourt.org/criminalcasesummary for case no. TA037989 (accessed July 24, 2023).)

1      5.     Judge Wilner solicited a response from the Attorney General. (Docket # 17.) The Attorney General moved to dismiss the petition. (Docket # 18.) The Attorney General contends that Petitioner's state law claim does not present a federal issue upon which relief may be granted. (Id. at 5.) The matter is now fully briefed. (Docket # 21 (opposition); # 23 (reply).)

**Relevant Law**

6.     To obtain habeas relief, a state prisoner must properly allege that s/he is in custody pursuant to a state court judgment adjudicated on the merits that "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). Habeas corpus relief is reserved for claims in which a prisoner contends that a federal constitutional error affects "the validity of the prisoner's continued incarceration." Ramirez v. Galaza, 334 F. 3d 850, 856 (9th Cir. 2003).

7.     A state prisoner must fairly present a <u>federal</u> constitutional claim for habeas consideration. Rose v. Lundy, 455 U.S. 509 (1982). A prisoner cannot "transform a state-law issue into a federal one merely by asserting a violation of due process." Langford v. Day, 110 F.3d 1380, 1389 (9th Cir. 1996).

\* \* \*

8.     The Suspension Clause of the U.S. Constitution provides that the "privilege of a Writ of Habeas Corpus shall not be suspended." U.S. Const., art. I, § 9, cl. 2. However, the Suspension Clause "is not restrictive of state, but only of national action." Gasquet v. Lapeyre, 242 U.S. 367, 369 (1917); Woodruff v. Chappell, No. CV 13-5064 SVW, 2014 WL 202601

at *1 (C.D. Cal. 2014) ("any obligations arising out of the Suspension Clause fall on Congress and the federal courts, not on the courts of the State of California.")  As such, "the refusal by state authorities to entertain a petition for a writ of habeas corpus [ ] does not raise a federal question." Geach v. Olsen, 211 F.2d 682, 684 (7th Cir. 1954) (emphasis added); Shove v. Chappelle, No. CV 13-1475 R, 2013 WL 942115 at *3 (C.D. Cal. 2013) (same); Catlin v. Davis, 2019 WL 6885017 at *276 (E.D. Cal. 2019) (same).

**Analysis**

9. Petitioner has not stated a cognizable federal habeas claim. Petitioner's action in this Court is premised on his belief that the state courts violated the Suspension Clause by refusing to grant habeas relief to expedite his resentencing.  (Docket # 15 at 3.)

10. However, because the Suspension Clause does not apply to the states, the state courts' handling of Petitioner's state habeas petitions cannot raise a cognizable claim for habeas relief.  Gasquet, 242 U.S. at 369; Woodruff, 2014 WL 202601 at *1; Shove, 2013 WL 942115 at *3.  It also means that Petitioner is not in custody in violation of a clearly established statement of federal law that the state courts unreasonably applied; There is none.  28 U.S.C. § 2254(d).

\* \* \*

11. Moreover, as the Attorney General notes, Petitioner's claim that the state courts' treatment of his habeas claims somehow violated his due process interests is patently frivolous.

12. Petitioner may well have some form of liberty interest in the resentencing procedure as enacted under state law.  But he has failed to demonstrate that the state courts have "arbitrarily" denied that procedure to him.  Hicks v. Oklahoma, 447 U.S. 343, 346 (1980).  To the contrary, the

state courts do not appear to have infringed any aspect of the clear text of the state penal code section regarding SB 483 resentencing. Petitioner's sentence was identified by CDCR for consideration by the statutory deadline. (Cal. Penal C. § 1172.75(b)(1-2).) Further, the separate deadline by which a state court must consider his case for recall and resentencing (December 31, 2023) has not expired yet. (Id. at 1172.75(c)(2).) Based on the ongoing nature of the criminal resentencing process, the Court discerns no colorable due process violation. Ramirez, 334 F. 3d at 856; Langford, 110 F.3d at 1389.

\* \* \*

Therefore, the present action is DISMISSED without leave to amend for failure to state a claim.[3]

IT IS SO ORDERED.

Dated: August 10, 2023

MICHAEL W. FITZGERALD
United States District Judge

Presented by:

_____
HON. MICHAEL R. WILNER
UNITED STATES MAGISTRATE JUDGE

---

[3] It is apparent that Petitioner cannot amend his petition to state a claim regarding his future resentencing proceedings. Lopez v. Smith, 203 F.3d 1122 (9th Cir. 2000).

5